**James R. YOCOM, Commissioner, etc., Appellant,**

v.

**Chandis MEADE et al., Appellees.**

**DEPARTMENT OF ECONOMIC SECURITY, etc., Appellant,**

v.

**Chandis MEADE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 11, 1974.

Ronald G. Polly, Polly & Craft, Whitesburg, for Dept. of Economic Security, Div. of Public Assistance and Work Experience and Training Program.

C. Kilmer Combs, Kelsey E. Friend, Pikeville, for Chandis Meade.

Robert D. Hawkins, Chief Counsel, Special Fund, Dept. of Labor, Thomas L. Ferreri, Atty. for Special Fund, Dept. of Labor, Frankfort, for James R. Yocom.

VANCE, Commissioner.

This is an appeal from a judgment awarding Workmen's Compensation benefits to claimant for total and permanent disability.

In 1964 the claimant was examined by Doctor Ulysses Gonzalez who determined that claimant suffered from a severe psychoneurosis centering around his heart. At that time claimant complained that he was too weak to do any work and that his heart commenced to pound and ache when he attempted to work.

In 1964 claimant was employed by the *Work Experience Training Program*, sometimes referred to as the "Happy Pappy" program. His work activity in this program was found by the Workmen's Compensation Board to be "light laboring work".

He continued in employment with the "Happy Pappy" program and received checks through October 1967, at which time he was terminated because his dependent child married and he was no longer eligible to participate in the program. On November 9, 1967, he filed an application for benefits with the Workmen's Compensation Board alleging that he suffered a traumatic injury to his back in August of 1967.

On November 12, 1968, he was awarded compensation for this injury based upon 25% permanent-partial disability apportioned 5% against the employer and 20% against the Special Fund.

On March 22, 1971, claimant filed a motion to reopen the award pursuant to KRS 342.125 upon the ground of change of condition.

After evidence was heard on the motion to reopen the Board made the following finding of fact:

"1. That the evidence warrants a finding that plaintiff's motion to reopen should be sustained. He has met his burden in showing that there has been a change in his condition and that he is now permanently and totally disabled to his body as a whole."

Claimant was awarded benefits based upon total-permanent disability and the award was affirmed by judgment of the Letcher Circuit Court.

The appellants contend the present disability of the claimant has not resulted from his traumatic injury but is simply a continuation of the psychoneurotic condition which was disabling even before his injury.

There is evidence in the record that claimant was totally disabled by reason of psychoneurosis prior to his traumatic injury. If that psychoneurotic disability existed at the time the original award was

made, even though no evidence of it was before the Board in that hearing, it cannot be said that it presently constitutes a change of condition or results from the injury.

One purpose of the requirement of findings of fact is to enable reviewing authorities to understand the basis of the award. The findings in this case are not sufficient to establish the real basis of the award.

We are unable to see any basis for the reopening unless there is evidence that the claimant recovered from his psychoneurosis and was not disabled by it at the time of the original award.

The Board has not purported to make findings as to this matter.

The judgment is reversed with directions that the case be remanded to the Board for a determination of whether claimant was disabled from a psychoneurosis prior to his injury and, if so, whether he recovered therefrom prior to the 1968 award and for specific findings of fact with reference thereto.

The judgment is reversed with further proceedings consistent with this opinion.

All concur.